IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JUANITA GARZA, | § | |
| | § | |
|     Debtor. | § | |
| _____ | § | |
| | § | |
| JUANITA GARZA, | § | |
| | § | |
|     Appellant, | § | |
| | § | |
| VS. | § | NO. 4:05-CV-694-A |
| | § | |
| J.D. FOODS, INC., | § | |
| | § | |
|     Appellee. | § | |

MEMORANDUM OPINION
and
ORDER

    This action comes before the court as an appeal from an order of the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, the Honorable Dennis Michael Lynn presiding. The court, having considered the briefs of appellant, Juanita Garza ("the debtor"), and appellee, J.D. Foods, Inc. ("J.D. Foods"), the record on appeal, and applicable authorities, finds that the bankruptcy court's order should be affirmed.

I.

Jurisdiction

    The appeal is from an order signed August 25, 2005, finding that the motion for relief from stay filed by J.D. Foods

constituted an informal proof of claim that was timely filed. This court's jurisdiction exists pursuant to 28 U.S.C. § 158(a).

II.

Underlying Proceedings

On July 28, 2004, the debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code. On September 2, 2004, J.D. Foods filed a motion for an order to lift the bankruptcy stay so that it could liquidate its claim against the debtor by obtaining a judgment in pending state-court litigation. The debtor did not oppose the motion, and an order lifting the stay was signed by Judge Lynn on September 8, 2004.

Although the state court did enter judgment of $62,105.82 against the debtor, J.D. Foods failed timely to file a proof of claim by the November 24, 2004, bar date. Consequently, on June 15, 2005, J.D. Foods filed a motion to allow its September 2, 2004, motion for relief from stay to constitute a timely filed informal claim. At the hearing on J.D. Foods's motion, Judge Lynn expressed concern over the policy implications of the informal proof of claim doctrine. In light of existing Fifth Circuit precedent acknowledging its continued existence, however, Judge Lynn granted J.D. Foods's motion and, on August 25, 2005, ordered that J.D. Foods's claim against the debtor be deemed timely filed as an informal proof of claim. The debtor appeals from that order.

III.

Issue on Appeal

2

The sole issue on appeal is whether 11 U.S.C. § 502(b)(9), as amended by the Bankruptcy Reform Act of 1994, and Rules 3001(a), 3002(a), and 3002(c) of the Federal Bankruptcy Rules abrogated the doctrine of informal proof of claims.

IV.

Standard of Review

To the extent an appeal presents questions of law, which is the only type of question presented here, the bankruptcy court's judgment is subject to de novo review.  Pierson & Gaylen v. Creel & Atwood (In re Consolidated Bancshares, Inc.), 785 F.2d 1249, 1252 (5th Cir. 1986).

V.

Analysis

The Bankruptcy Reform Act of 1994 amended 11 U.S.C. § 502(b)(9) to require that proofs of claim be timely filed.  See 11 U.S.C. § 502(b)(9) (amended 1994).  Likewise, Rules 3001(a), 3001(b), and 3001(c) of the Federal Bankruptcy Rules, in addition to providing that proofs of claim be timely filed, also require that they conform substantially to an official form.  The debtor urges that 11 U.S.C. § 502(b)(9), as amended, together with Rules 3001(a), 3001(b), and 3001(c) have collectively done away with the doctrine of informal proofs of claim.  The court disagrees.

An informal proof of claim permits a bankruptcy court to treat the pre-bar date filings of a creditor as an informal proof

3

of claim that can be amended after the bar date to conform with, inter alia, the requirements of Rule 3001(a) of the Federal Rules of Bankruptcy Procedure.  See, e.g., Barlow v. Waterman & Associates, Inc. (In re Waterman & Associates, Inc.), 227 F.3d 604, 608 (6th Cir. 2000).  The idea of informal proof of claims has been in existence for nearly a century.  Id. (citations omitted).

   Despite the Bankruptcy Reform Act of 1994 and the amending of 11 U.S.C. § 502(b)(9) to require that proofs of claim be timely filed, the Fifth Circuit has continued to acknowledge the viability of informal proof of claims.  See Nikoloutsos v. Nikoloutsos (In re Nikoloutsos), 199 F.3d 233, 236-237 (5th Cir. 1999).  The debtor has failed to cite to any specific authority to the contrary.  Further, the debtor has failed to cite to any specific authority holding that any Federal Rule of Bankruptcy Procedure, whether singularly or in combination with 11 U.S.C. § 502(b)(9) as amended, has effectively abrogated informal proof of claims.  Consequently, the court concludes that the doctrine of informal proof of claims is alive and well in this circuit.

VI.

Order

   For the reasons discussed herein,

   The court ORDERS that the August 25, 2005, order from which appeal is taken be, and is hereby, affirmed.

   SIGNED May 15, 2006.

4

                      <u>   /s/ John McBryde                </u>
                      JOHN McBRYDE
                      United States District Judge